By phone

# KROKIDAS & BLUESTEIN

RECEIVED   ATTORNEYS

2006 JAN 25 A 9:38

RICHARD M. BLUESTEIN
MARIA J. KROKIDAS
SAMUEL NAGLER
JANET STECKEL LUNDBERG
ROBERT J. GRIFFIN
VINCENT J. PISEGNA
PAUL V. HOLTZMAN
ANTHONY J. CICHELLO
JENNIFER GALLOP
ELKA T. SACHS

600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210
PHONE 617-482-7211 • FAX 617-482-7212

CHAMBERS
CHRISTOPHER F. DRONEY
U.S. DISTRICT JUDGE

HUGH DUN RAPPAPORT
JULIE HERBST PEABODY
EMILY R. DAUGHTERS
AARON J. MANGO

ELIZABETH C. ROSS
LINDA R. BOSSE
BARBARA S. PARKER
OF COUNSEL

00cv311/end letter

January 23, 2006

VIA FACSIMILE (860-240-3211)
AND REGULAR MAIL

The Honorable Christopher Droney
United States District Court
District of Connecticut
450 Main Street
Hartford, CT 06103

    Re:    **John Cox, Executive Director New Haven Commission on Equal Opportunities v. Edward L. Bland, et al. v. Beacon Corcoran et al. Civil Action No. 3:00 CV 00311 (CFD) – Joint Report of the Parties**

Dear Judge Droney:

        I represent Third Party Defendant Beacon/Corcoran Partners LLC ("BCJ"). However, I have been delegated, with the approval of all parties to this action, to report to the Court the status of the parties' attempts to settle this matter and to suggest a procedure for going forward that has the agreement of all parties.

        As you know, when the parties to this action last met with you, the parties indicated that all were agreeable to the dismissal of all claims in this action, except that Stamford Wrecking Company wished to pursue its state law claims against BCJ. At this Court's direction, the parties then attempted to draft a stipulation of dismissal that would reflect these understandings. After several attempts and many discussions, the parties were unable to do so. In summary, because of the unusual procedural posture of this case (which was mediated prior to BCJ answering), BCJ has not yet had the opportunity to answer and/or file counterclaims or cross claims. While BCJ is willing to proceed on the basis of dismissing all claims except Stamford's state law claims, BCJ

The clerk is ordered to docket this letter. So ordered.

Christopher F. Droney
United States District Judge
1/25/06

KROKIDAS & BLUESTEIN LLP

The Honorable Christopher Droney
January 23, 2006
Page 2

must preserve the right to file claims against the Housing Authority to recover any judgment rendered against BCJ on Stamford's state law claims, and the Housing Authority, likewise, wishes to preserve the same rights as against HUD. If such claims were filed, the Housing Authority and HUD would be brought back into the case with respect to recovery on the state law claims. HUD was unwilling to agree to the preservation of such rights in connection with the dismissal of the federal claims against it.

As a result of these discussions, it is clear that the sustainability of Stamford's state law claims is a significant issue in the settlement of this case. BCJ had already filed a motion to dismiss Stamford's state law claims which is fully briefed by all relevant parties as part of its overall motion to dismiss all of Stamford's claims (which this Court previously denied without prejudice to renewal should ongoing settlement negotiations prove fruitless). Therefore, the parties are in agreement to recommend that this Court should set a hearing on the following: that portion of BCJ's previously filed motion to dismiss that addresses Stamford Counts II and III.

Once the Court hears and rules upon this partial motion to dismiss the parties agree that the following would occur:

(i)   if BCJ prevails on the motion to dismiss (subject to Stamford's right to appeal), the remaining claims in the case would be dismissed in toto by stipulation of the parties; and

(ii)  if Stamford prevails on the motion to dismiss, BCJ will answer with respect to Stamford's state law claims, BCJ and the Housing Authority will file such counterclaims or cross claims as they deem appropriate with respect to Stamford's state law claims, and all remaining claims in the case would be dismissed by stipulation of the parties.

This agreed to procedure is, we believe, the most efficient way of proceeding and avoids forcing litigation on claims all parties agree may be dismissed, while preserving the rights of the parties which would remain in the litigation. If this Court approves this procedure and sets a hearing date for BCJ's motion to dismiss the state law claims, BCJ will renew its motion in this respect, and BCJ and Stamford will make filings that direct the Court to the appropriate portions of previously filed motion papers.

KROKIDAS & BLUESTEIN LLP

The Honorable Christopher Droney
January 23, 2006
Page 3

      Thank you for your attention to this matter. We will contact your office shortly to determine whether you still wish us to appear at the conference scheduled for January 26, 2006. If so, we will, of course, respond to any questions or concerns you have about the procedure suggested in this letter. I sign below on behalf of all other counsel in this matter: David Metzger (Stamford), Christopher Brigham (Housing Authority); Christine Sciarrino (HUD) and Evans Jacobs (CEO).

                                      Very truly yours,

                                      Janet Steckel Lundberg

JSL/mlf

cc:    James J. Perito, Esq.
       Christine L. Sciarrino, Esq.
       Christopher Brigham, Esq.
       Evans Jacobs, Esq.
       David L. Metzger, Esq.

1877\0001\159717.1