UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Hartford)

| | |
|---|---|
| JOHN E. COX, EXECUTIVE DIRECTOR, NEW HAVEN COMMISSION ON EQUAL OPPORTUNITIES,<br><br>Plaintiff<br>v.<br><br>EDWARD L. BLAND in his official and individual capacities AND NEW HAVEN HOUSING AUTHORITY,<br><br>Defendant and Third Party Plaintiffs<br>v.<br><br>BEACON/CORCORAN, JENNISON, LP, STAMFORD WRECKING AND ANDREW CUOMO, SECRETARY FOR THE FEDERAL AND UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD),<br><br>Third Party Defendants | No. 3:00 CV 311 (CFD)<br><br><br><br><br><br><br><br><br><br><br><br>FEBRUARY 27, 2006 |

SUPPLEMENTAL MEMORANDUM OF THIRD PARTY DEFENDANT
BEACON/CORCORAN PARTNERS LLC IN SUPPORT OF ITS
RENEWED MOTION FOR SUMMARY JUDGMENT ON
COUNTS II AND III OF THE CROSS CLAIM OF
THIRD PARTY DEFENDANT STAMFORD WRECKING COMPANY

Pursuant to Fed.R.Civ.Proc. 56, Local Rule 9(c), this Court's orders dated March 22, 2004 and February 16, 2006, and the letter agreement of the parties dated January 23, 2006 (and entered as Document No. 148 on the docket of this case), Third Party Defendant Beacon/Corcoran Partners LLC ("BCJ") has renewed its motion for summary judgment on Counts II and III of the cross claim of Third Party Defendant Stamford Wrecking Company ("Stamford") against BCJ. Answer, Affirmative Defenses, Counterclaim and Cross Claims filed by Stamford on July 6, 2001, Cross Claims, Counts One and Two. This Supplemental

Memorandum is submitted, pursuant to this Court's order dated February 16, 2006, for the purpose of directing the Court to the applicable portions of the previously filed motion papers and to any new applicable law or legal precedent.

1. <u>Requested consideration of BCJ's previously filed memoranda and factual materials</u>. The basis of BCJ's motion for summary judgment on Counts II and III of Stamford's misrepresentation claims is summarized in the renewed motion, filed herewith. BCJ also relies upon, and incorporates by reference, the facts, arguments and authority presented in its previously filed memoranda and affidavits:

   a. BCJ's Supplemental Memorandum, filed herewith in accordance with this Court's order dated February 16, 2006;

   b. BCJ's Memorandum in Support of Motion for Summary Judgment on Cross Claim of Third Party Defendant Stamford Wrecking Company ("BCJ SJ Memo"), filed March 28, 2002 in support of BCJ's original motion for summary judgment (Docket Document No. 73);

   c. BCJ's Local Rule 9(c)(1) Statement of Undisputed Material Facts[1], filed March 28, 2002, in support of BCJ's original motion for summary judgment (Docket Document No. 74);

   d. the Affidavits of Howard Cohen and Mercedes Sherman, and exhibits thereto, filed March 28, 2002 in support of BCJ's original motion for summary judgment (Docket Document Nos. 75 and 76); and

   e. BCJ's Reply to Third Party Defendant Stamford Wrecking Company's Opposition to Motion for Summary Judgment ("BCJ Rep. Memo"), filed November 27, 2002 in support of BCJ's original motion for summary judgment (Docket Document No. 126).

As set forth in the letter agreement dated January 23, 2006, this Court need only decide BCJ's motion with respect to Counts II and III of Stamford's cross claim, pertaining to Stamford's common law misrepresentation claims. However, BCJ requests that, in order to fully address BCJ's arguments on Stamford's misrepresentation claims, this Court review <u>in toto</u> the

---

[1] Under this Court's revised Local Rule 56(a), this statement is now denominated as "Local Rule 56(a)1 Statement".

memoranda and affidavits previously submitted by BCJ. As shown in the accompanying memoranda, Stamford's misrepresentation claims are based on the single assertion that BCJ allegedly "recognized" that the wrong wage rate had been issued (Residential instead of Heavy/Highway) and promised it would seek to correct the rate and retroactively increase Stamford's contract price. Although BCJ categorically denies making such a representation to Stamford, even if it had, such a promise would have been unenforceable and illegal under the applicable contracts and regulations, and such an unenforceable promise is not actionable in fraud. In order to address this argument, this Court will address the arguments in the memoranda presented with respect to the invalidity of the misrepresentation claims (e.g., BCJ SJ Memo §III(F) and (G) (pp. 17-20); BCJ Rep. Memo. §5 (pp.8-10). However, to fully understand the argument that the oral promise allegedly relied upon by Stamford would have violated the written contract and federal procurement law, the Court must also review the arguments in the memoranda showing that federal wage rate regulations did not require or permit retroactive compensation of Stamford for the increased wage rates. These issues are covered in the portions of the memoranda addressing the federal claims not at issue here (e.g., BCJ SJ Memo §III(E) (pp. 14-17); BCJ Rep. Memo. §§3 and 4 (pp. 5-8).

In addition, BCJ's renewed motion (and the previously submitted memoranda) assert that BCJ must be granted summary judgment on Stamford's state law misrepresentation claims because those claims, like its federal claims, are barred by Stamford's failure to exhaust its administrative remedies before the U.S. Department of Labor, as well as by Stamford's failure to bring those claims within the 6-month limitations period set forth in the applicable contract. As such, Stamford's misrepresentation claims fall within the Department of Labor ("DOL") requirement that all questions relating to the application or interpretation of wage determinations

be determined by DOL in the first instance. 29 CFR 5.13. Likewise, the misrepresentation claims fall within the limitations requirement of Stamford's subcontract requiring all claims "arising out of anything done in connection with this Agreement" to be commenced within six months of the contract's termination or the date the claim arises. To address these arguments, this Court must review the portions of the memorandum which address how the law concerning limitations and exhaustion requirements applies both under the federal and state claims (e.g., BCJ SJ Memo. §§III(C) and (E) (pp. 10-14); BCJ Rep. Memo. §§1 and 2 (pp. 1-5).

Thus, while the Court is deciding summary judgment only with respect to Counts II and III of Stamford's cross claim, BCJ requests that the Court review all arguments contained in its memoranda. Correspondingly, since all arguments will be reviewed, BCJ requests that the Court also review both the Affidavits of Howard Cohen and Mercedes Sherman, and BCJ's Local Rule 9(c)(1) Statement of Material Facts.

2.  Additional authority. BCJ requests that the Court consider the following additions and corrections to its Memorandum in Support of Summary Judgment, filed March 28, 2002:

>   a. §III(D) – <u>Stamford's Claims Concerning the May, 1999 Wage Determination are Barred by the Contractually Imposed Statute of Limitations</u>
>
>   Page 13:
>
>   • add the following citations after <u>Federal Crop Insurance Corporation v. Merrill</u>:
>
>   > <u>Larmann v. State Farm Insurance Company</u>, 2005 WL 35719, ¶2 (E.D.La. 2005)
>   >
>   > <u>Hermes Consolidated, Inc. v. United States</u>, 58 Fed.Cl. 409, 416 (Ct.Fed.Cl. 2003);
>
>   • add the following completed citations to existing authority:

<blockquote>

The Hunt Construction Group, Inc. v. United States, 281 F.3d 1369 (Fed.Cir.2002)

Haberbush v. Christensen, 479 NYS 2d 847, 850 (Sup.Ct., App.Div., 3rd Depart. 1984), app. denied 486 NYS 2d 1025 (1985)

</blockquote>

b. §III(F) – <u>Stamford's Misrepresentation Claims (Counts Two and Three) Are Not Actionable Because the Alleged Oral Agreement for Retroactive Compensation Stamford Supposedly Relied on Was Unenforceable and Illegal</u>

Page 19:

- add the following completed citation to existing authority:

   Prestex, Inc. v. United States, 3 Cl.Ct. 373, 377-379 (Cl.Ct. 1983), aff'd 746 F.2d 1489 (1984)

Page 20:

- add the following after the text citation to Kiely v. Raytheon Company:

   Moreover, parties dealing with government contractors are barred from raising misrepresentation claims based on alleged representations that are contrary to law, of which such parties are deemed to have constructive knowledge. Reliance on any such representations that conflict with applicable law is "unreasonable as a matter of law". Larmann, 2005 WL 35791, at *4, quoting Richmond Printing, LLC v. Director, FEMA, 72 Fed. Appx. 92, at 98, 2003 WL 21697457 (5th Cir. 2003), and Merrill, 332 U.S at 385.

- add the following corrected citation to existing authority (n. 11):

   Central Delivery Service of Washington, Inc. v. People's Bank, 1992 WL 79815, *2 (Conn.Super. 1992)

## Conclusion

In light of the foregoing, and the incorporated memoranda and factual materials referenced above, BCJ respectfully requests that this Court grant its motion for summary judgment on Counts II and III of the cross claim of Stamford against BCJ.

Respectfully submitted,

THIRD PARTY DEFENDANT
BEACON/CORCORAN JENNISON
PARTNERS, LLC

By their attorneys,

*/s/ Janet S. Lundberg*
Richard M. Bluestein (Fed Bar #ct23002)
Janet Steckel Lundberg (Fed Bar #ct23003)
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 482-7211

1877\0001\160828.1