UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| JOHN E. COX, EXECUTIVE DIRECTOR NEW HAVEN COMMISSION ON EQUAL OPPORTUNITIES<br>　　Plaintiff<br>　　　v.<br>EDWARD L. BLAND in his official and Individual capacities AND NEW HAVEN HOUSING AUTHORITY<br>　　Defendants and Third Party Plaintiffs,<br>　　　v.<br><br>BEACON/CORCORAN, JENNISON, LP, STAMFORD WRECKING AND ANDREW CUOMO, SECRETARY FOR THE DEPARTMENT OF HOUSING AND UBRAN DEVELOPMENT (HUD)<br>　　Third Party Defendants. | Civil Action No. 3: 00 CV 311(CFD)<br><br>March 20, 2006 |

**SUPPLMENTAL MEMORANDUM OF STAMFORD WRECKING IN OPPOSITION TO RENEWED MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Stamford Wrecking Company (SWC) submits this supplemental memorandum in opposition to the renewed motion of Beacon Corcoran Jennison Partners LLC, (BCJ) for summary judgment as to Count Two and Count Three of the Cross Complaint by SWC against BCJ. These counts are based on the common law of the State of Connecticut claim intentional or negligent misrepresentation.

1

SWC directs the Court's attention to the following documents which SWC previously filed in opposition to BCJ's motion to dismiss or for summary judgment:

1. Memorandum in Opposition to Motion for Summary Judgment, dated September 25, 2002;

2. Local Rule 9 (c) (2) Statement of Stamford Wrecking Company as to Beacon/Corcoran Jennison, September 25, 2002, including all attachments;

3. Declaration of Irving Goldblum filed September 26, 2022;

4. Amended Exhibit to Irving Goldblum's Declaration, dated October 2, 2002.

SWC also wishes the Court to consider this memorandum which addresses the new case law and argument contained in BCJ's Supplemental Memorandum dated February 27, 2006, (hereafter "BCJ Sup. Mem.") and to provide additional caselaw.

## II.  LEGAL CLAIMS AND DEFENSES LIMITED TO COUNTS TWO AND THREE

SWC objects to BCJ's request that the Court review its entire motion for summary judgment, and perhaps by reference, to that filed by the other defendants in this matter. The intent of this procedure was to limit the issues to be decided to the state law claims of negligent and intentional misrepresentation. Those are issues of state law between SWC and BCJ alone. The issues of federal law are not to be decided and SWC objects to an effort to expand the issues for decision by the Court.

BCJ's claim that these other portions of the pleadings are relevant to show that the misrepresentations alleged to have been made would be illegal and unenforceable. This appears to be its sole basis for moving to dismiss these counts so that some review of this issue is appropriate. However, the misrepresentations alleged here are not even close to illegal or unenforceable as a review of the factual allegations demonstrate. (*See SWC Opp.. Mem. p.16-18*.) SWC had performed Phase I of the very same project as a subcontractor to BCJ. HUD corrected the rate from Residential to Heavy Highway after the Phase I was completed. SWC was retroactively reimbursed. The representations here that BCJ believed HUD had again made a mistake; that SWC should reduce its bid to BCJ because of the Residential rate; that BCJ would support SWC in getting the rate corrected (in accordance with its legal obligation to pay the correct rates); and that when it was corrected SWC would be reimbursed in accordance with the law as it had been for Phase I.,

SWC also renews its objection to any motion for summary judgment as in accordance with the orders in this case no discovery has been conducted on the state law claims between BCJ and SWC. *(See SWC Opp. Mem. p. 2.)* Nonetheless, SWC has properly opposed the motion for summary judgment. As is evident from the opposing affidavits submitted by SWC and BCJ, there are issues of material fact as to those state law claims and those counts are claims upon which relief can be granted.

### III.  FACTS ALLEGED AND LAW SUPPORT CLAIMS OF SWC

#### A.  BCJ Mischaracterizes SWC's Allegations of Misrepresentation.

BCJ asserts "Although BCJ categorically denies making such a representation to Stamford, even if it had, such a promise would have been unenforceable and illegal …." *(BCJ Sup. Mem. p. 4.)* As noted above, there is nothing illegal or unenforceable about representations that BCJ believed HUD again applied the wrong Davis Bacon Residential wage schedule to what should be Heavy Highway work on Phase II.  BCJ has an obligation to obtain and pay the correct wage rates so there is nothing illegal in BCJ representing to SWC that it would assist in obtaining the Heavy Highway schedule.  Nor is there anything illegal with BCJ assuring SWC that, upon HUD correcting the wage schedule, SWC would be retroactively reimbursed as it had been on Phase I in accordance with applicable laws and regulations.

It is SWC's claim that at the time BCJ made these representations that it had facts or information that it did not share with SWC and that at the time it made the representations to SWC it knew its representations were false.  SWC believes the evidence will show that at the time it made the representations BCJ did not want the Heavy Highway rate applied to Phase II; it had no intention of supporting any change in classification to Heavy Highway for Phase II; and that BCJ was in possession of other facts and information unknown to SWC that the classification of Phase II as Residential would not be changed to Heavy Highway.

4

**B.    Supplemental Case Law Submitted by BCJ Does Not Bar SWC's Claims of Misrepresentation By BCJ.**

BCJ provides the following quote (*BCJ Sup. Mem. p. 5.*)  The text quoted by BCJ:

> Moreover, parties dealing with government contractors are barred from raising misrepresentation claims based on alleged <u>representations that are contrary to law</u>, of which such parties are <u>deemed to have constructive knowledge</u>.  Reliance on any such representations that <u>conflict with applicable law</u> is "unreasonable as a matter of law."  <u>Larmann</u>, 20005 WL 35791m at 4*, quoting <u>Richmond Printing, LLC, v. Director, FEMA</u>, 72 Fed. Appx 92 at 98, 2003 WL 21697457 (5th Cir. 2003), and <u>Merrill</u>, 332 U.S. at 385.  (emphasis added.)

Despite BCJ's attempt to characterize the factual misrepresentations claimed here as contrary to law, they are not.  Nor can SWC be charged with constructive knowledge of facts in possession of BCJ which BCJ did not share with SWC.

The state law claims by SWC do <u>not</u> allege any reliance on BCJ's representation of federal law, the terms of the Davis Bacon Act and corresponding regulations governing application of Heavy and Highway wage rates.  The misrepresentations at issue here are misrepresentation of certain <u>factual</u> circumstances, including its <u>intent</u>, that were <u>within the knowledge of BCJ and withheld from SWC</u>.

<u>Richmond Printing, LLC, v. Director, FEMA</u>, 72 Fed. Appx 92 at 98, 2003 WL 21697457 (5th Cir. 2003), relied upon by BCJ in its supplemental memorandum, is readily distinguishable and supports SWC's claims.  The plaintiff there claimed an

insurance adjuster misrepresented certain terms of the federal flood insurance policy. In holding that the plaintiff unreasonably relied on the misrepresentations, the Court noted that the terms of the insurance policy were published in the CFR so that constructive knowledge was presumed.  In this case, the information withheld by BCJ that contradicted the representations made was only available from BCJ.  This is not an issue of misrepresenting the terms of an insurance contract or of federal regulations.  The Richmond Court also found that the state law claims of misrepresentation were extracontractual and were not preempted by federal law.

     A 2005 Connecticut Supreme Court decision, Glazer v. Dress Barn, Inc., 274 Conn. 33, 72 -77 (2005) gives further support to SWC's claims for negligent and intentional misrepresentation.  In its review of a claim of misrepresentation in a business transaction the court there found all of the elements present, except loss attributable to the misrepresentation.   In note 32, Id. at 77, the Glazer court "(not[ed] general rule that misrepresentation must relate to existing or past fact; when fraud or intentional misrepresentation is alleged, however, 'a promise to do an act in the future, when coupled with a present intent not to fulfill the promise, is a false representation'), citing to Paiva v. Vanech Heights Construction Co., 159 Conn. 512, 515 (1970).  All of the elements of intentional and negligent misrepresentation are present in the claims of SWC against BCJ.

## IV. CONCLUSION

Review of the relevant portions of the record in this matter show that the motion by BCJ to dismiss or for summary judgment in its favor as to the Count Two and Count Three of the cross claims should be denied.

**STAMFORD WRECKING COMPANY**

BY: _____
David L. Metzger (ct02035)
Metzger & Associates
25 Capitol Avenue
Hartford, CT 06106
Tel. (860) 549-5026

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this the 20th day of March 2006 to the following counsel of record:

>Evans Jacobs, Jr.
>1800 Silas Deane, Suite 159
>Rocky Hill, CT  06067

Christopher L. Brigham

Updike, Kelly & Spellacy, P.C.

265 Church Street, 10th Floor

New Haven CT 06510

Janet S. Lundberg, Esq.
Kokidas & Bluestein, LLP
141 Tremont Street
Boston, MA 02111

Christine L. Sciarrino,
Office of the U. S. Attorney
157 Church Street
New Haven CT 06510

---

David L. Metzger